Based on today's docket is the case of in the matter of State of Edward Parrish. And we have on behalf of repellent. We have Linda Green and on behalf of the athlete. We have Turner having trouble with your last name, Turner. No, I couldn't. Not much better than the should have looked at you first and then I would have gotten if you're prepared to proceed to me. Good morning. My name is Linda Graham on behalf of the appellant. The first issue before this court is whether the trial court erred in granting the executor's motion for summary. The executor was a nephew of the decedent who probated in 1998 1999 will first page of the will said 1998 will refer to as the 1999 will, which is the date on the second page. The appellant in this case was the daughter of the deceit to filed a will contest pending that the case before the trial court. The executor filed a motion for summary judgment, which was entirely supported by a stipulation that was entered into between the parties. The stipulation basically stated that the 1972 will had been revoked and had never been reviled. The I want to ask you a question. Do you feel that apparently you do, but I want to query isn't that question a legal conclusion? It is your honor and and what on what basis do you think you can stipulate to question of law? Your honor. It's our position that you cannot the stipulation cannot bind the trial court to ask questions of law, which in this case, it would not. Or the legal effect of facts. The question of law here is, is the 1999 will valid? They did not meet our positions. It did not meet the statutory requirements of executing a will. It did not have the two witness signatures are at handwriting expert testified in its deposition and by affidavit that the motion for summary judgment was supported by that. The same person that wrote the will is the same person that signed the witness. But let me stop you there in your stipulation on third paragraph. You say it was revoked by the execution of the will dated the first day of September 1999. It seems to me that you're trying to get your cake and eat it too, because it has the 1999 will must be a valid will in order to revoke the 72 will. Does it not? Well, your honor, the stipulation was that the 1972 will was no longer valid. It doesn't go into their green that the 1999 will follow the execution procedure. That's required, but that's how you revoke. That's one of the ways that you revoke a higher will, and there isn't any other way that's been urged in this case. Is there? No, so you kind of wanted it both ways. It seems to me. The stipulation, the rules of construction for stipulation is to give the effect and intent of the parties. And the intent of the parties was that the 1999 will, and that's why the will contest was filed. But it has to be both the intent and it has to follow the statutory requirements. Correct. And if it didn't follow the statutory requirements, it can't be a valid will, the 1999 will. The 1972 will would be revoked by the 1999 will. Only if it met the statutory requirements. So how do you revoke it? Your position's confusing. If you say it was revoked, then you're saying that the 1999 will wasn't a valid will. Well, the issue here is whether the 1999 will is valid at all. But then, if it's not valid, how does it revoke the 1972 will? The parties stipulate that. But that's a question of law, which they can't stipulate. Correct, that they cannot stipulate to and bind the court. But that's what I, and you took inconsistent positions in your stipulation. In the stipulation, correct. And this stipulation was prior to our firm getting involved, so I don't know how the parties actually negotiated those terms. Well, regardless of that, you're kind of hung with it, whatever the legal outcome is. The stipulation was never filed with the court. It was never deemed a judicial admission. This is something that was just attached to the motion for summary judgment in support of that the 1999 will was valid. And the parties have to, the McCoy agreed that yes, this will is going to be probated in order for her to file the will contest, which was the basis for her motion for summary judgment, that we have handwriting experts to state that this 1999 will is a valid will. Whether they stipulated to the 72 will being revoked and never revived, is that enough to infer that the parties agreed that the 1999 will followed all the statutory requirements? And whether they stipulate here or not, it's not something that can bind the court, the trial court. And we believe that the stipulation did not, and legally could not, because you can't dispense of the statutory requirements by stipulation. And it was never the intent of the parties, you know, to, it doesn't make sense in a will contest for the parties to stipulate that the challenged will was valid and then agree to use a stipulation to, in a case, to show that the will was actually invalid. It doesn't make sense. It made sense to them to sign it, I guess. Well, sure. But in your party, or your client, their interest was only really going to be met if the property of the estate went in testing. Correct. Because there was $10 in one will and $1,000 in the other. And I don't know what kind of estate it was, but certainly that would be her interest, where I guess the, and I should say that the appellee's position was that they also did not want the first will in effect because, as I recall, their client got nothing in that will. So that, to me, kind of is almost like a finesse that they got you, or at least before the trial court they did. Right. And again, it's a stipulation between the parties as to questions of law. Clearly not the intent based on McCoy filing a will contest and disputing that the 1999 will was valid. Not the intent of her, and something that should not be binding on the trial court. And to use the interpretation of the stipulation to state that just because we stipulated that this 1999 will is valid, regardless of whether it followed the statutory requirements, is clearly not an interpretation that should be used by the trial court to grant the executor's motion for summary judgment. It is our position that the case should be reversed and remanded with direction in favor of McCoy in granting her motion for summary judgment and denying the executor's motion. Thank you. Thank you. Thank you, Mr. Turner. It reminds me of a bridge finesse. It's been a long time since I played bridge. Can I pull it up for you? Sure. Certainly. Of course, may it please the Court, Obviously, I had an opportunity to hear some of the questions that were asked of counsel. And I want to start off by making absolutely certain that the court understands the order of events. Mr. Parrish died. A probate proceeding was initiated by filing the petition to admit the will. Shortly thereafter, Leon, the appellant, filed an objection to the admission. She did that within a month after the will was filed. That was in February. By April 7th, she had secured What will? Which one? The 72 or the 99? The only one that was filed was the 1998-99 will. My understanding, I thought I read someplace, was that a photocopy? No. You mean the will that was filed? Yes. The 1998-99 will was the original that was filed. My position was, when you look at that will, you'll see that page 1 of that will contains initials in the lower right-hand corner. Page 2 was different. But page 2 and 3 do not have those on them. And you can also tell that that will apparently was drafted by Mr. Parrish using the format of the 1972 will. And I believe that what happened this is speculation obviously but I believe that what happened was that he drafted that will he had three different people sign the will and initial every page and you'll note that the transcript from their expert says he didn't examine or make any determination as to the authorship of those initials but they appear to be by different individuals. I speculate that at some point in time shortly after the will was made those pages were damaged in some fashion and that was a handwritten copy in my opinion no different than a photocopy he writes it out. And when you look at that will you'll note that all of the disposition of all of this estate is on page 1 the one that contains the initials. The other pages only address the issue of who's going to be the executor and his nephew but that's of no consequence really. And then if the nephew isn't available who will do it and if the nephew is dead who will get the estate but he's alive so that doesn't matter either. I believe it is a copy it likely could be a copy. We never got the formal need to do that. By April 7, 2007 Leona had in her possession the report of her expert and that report told her in his opinion all of these signatures were signed by the received. Now, that was April 7 April 27, almost 3 weeks later You're saying the initials also or just you're talking about the signature? No, no, he didn't address the initials. Ok, that's what I thought you said. Not the initials at all. The signature is on the last page. 3 weeks, roughly 20 days after she got the report from her expert she files a formal demand for proof of will and by law she's entitled to that. She can make us, at that point produce every witness and make us prove that that is the valid will and that it was properly executed. She had that knowledge. On June 12, 2007 we're in court they withdraw their demand for formal proof of will knowing what they know from their expert. They withdraw their objection to the admission of the will and by agreement you read the document it was signed by the judge B-A by agreement the petition for admission of the will is granted and order is entered. At that point in time the will was declared by the court to be valid it was done so with the approval of Leona it was done so and she withdrew her motion for her demand for formal proof of will and after she withdrew she withdrew her objection to the admission of the will pro act. Now, they just said in their brief that she did that so she could contest it if she had the evidence which she claimed she had and it was the 7th day of April 2007 and it comes and she's filed her formal proof of will demand and we're in court on June 12 why didn't she say hold their feet to the fire judge make them prove that this will was signed and it was prophesied she didn't do that and there's no excuse for it that is an order entered by agreement and there is no way around it there's no other way to do it. Let me stop you here and thank you for a fuller explanation of the history however I want to pose a question if there was and you've speculated as to what could have a rationale for why the signatures I guess you're admitting that they aren't the signatures of the witnesses I haven't formally admitted that judge if it proved to be forgeries I'm sorry if it proved to be forgeries then that would be our explanation for it ok if you had absolutely no signatures would you still be here with the same argument I don't think a judge would have admitted the will to the first instance saying there are no signatures what is different here though but wasn't there there were affidavits in support of their motions for summary judgment weren't there that they filed and one of the proposed signatory witnesses said he didn't sign the will and did not was not present and it wasn't his signature and he had not been present or a signatory on the will there is an affidavit attached and it's from Jerry Pappas who is one of these supposed witnesses to that will now his statement says that's not his signature he didn't sign it and when that will was signed he wasn't there well I mean if it's a copy he wouldn't have been there and he wouldn't have recognized the signature because it is not but they did not ask him are these your initials on page 1 so you're saying that you can actually read his affidavit to arrive at the conclusion that maybe he signed the exact same will at another time and yes I don't think you exclude that at all in particular you're talking about it would be pretty strange to have a witness testify or give an affidavit that this was not his signature and he wasn't present to the signing of the will but he was to another copy of it that question wasn't asked again we were not put in a position where we had an obligation to prove but did you rebut it in any way we rebutted it with a stipulation and I want to get to the stipulation too because what the law means is a question of law what the facts are is something else in how they're applied the only issue that stood here are those signatures valid signatures was this will executed and that's what the parties they stipulated to the fact that it was false but it seems to me that everybody essentially conceded that those were not the signatures of witnesses I'm arguing as if that is the case I don't think we ever stipulated well they had a handwriting expert I mean even I can tell that they appear to be the same person and it doesn't look like there was any effort to even change the appearance but they have an expert's they are the same person and it appears to be the testadort and then you have a witness an alleged witness that says I wasn't there and I didn't sign that and there's no rebuttal I don't think we have to based on the stipulation here's my theory of the thing is that it got admitted if she had never filed a will contest we wouldn't be here there wouldn't be a child that will would be valid and when they go in and they say okay we want this admitted it's admitted by agreement it is the valid last will and testament of the testadort at that point until some other thing happens and to say that they cannot affect this is just false let's say that they had withdrawn all of those things never filed the will contest or after having filed the will contest withdrew it after six months from the date the will was admitted once that's happened nobody else can come in and challenge it and so they have the authority they have the power to make that the will they have the absolute unqualified power to withdraw the will contest there's no question about it had they done that we wouldn't be here now if they have the authority to withdraw that will contest which is based solely on the issue of whether or not the witnesses signed I can't see why they can't stipulate that okay this happened you're exactly right they won their case and they've eaten it now they want you to somehow give it back to them that which is gone they're saying okay look we don't want to take a chance on this other will and this is not where we snuck up on somebody I believe the record will reflect I sent a letter I know it's got some errors in it five pages, six pages I sent it to Mr. Brand and I said look the only way this will can revolt the 72 will is if it met the requirements and the interpretation is wrong and then and I tell them that we think this is a copy and very likely a copy generated by the test taker himself we think the initials on the first page mean this and they stipulate a series of facts that put us in a position where we don't need to go in and prove anything we don't have to rebut their statements because they have agreed and stipulated and contractually we're in a position where we don't have to do it had they not had the stipulation yes, we would have been forced to do a lot of things we would have been in there trying to prove it we would have proposed Mr. Pappas we would have talked to him we would have said look are these your initials on page one what would he have said? I don't know he might have said yes, I think those are but I don't remember doing it we might have had a handwriting expert hire when we didn't need to now to go in and say look at all this handwriting from Mr. Pappas does this look like his initials they might have said yes once they stipulate and say hey you don't have to do this because we agree with you and we acknowledge this will met those criteria to revoke the old law then we don't have to put on that proof it is wrong for them to come in here today and say look we entered into an agreement with them there is only one interpretation of that agreement and now having used that agreement we want to preclude them from offering testimony well let me ask you this is there any law that would prohibit them from withdrawing an objection and refiling it? No ok, so presumptively they had the right to refile the objection the will contest yes, but they didn't have to and they can withdraw that and I think they were precluded by Stockwell because they went in and agreed they had an agreed order admitting that will as the valid the last will of the testator but if it's kind of a circuitous argument I'm having trouble if it can only property passes only by virtue of statute right, we don't have any natural right to inherit, so you have to follow the statutory provisions and you're saying essentially that they can waive statutory provisions of requirements that there be a valid will I cited because they're trying to contest the will I cited the Conza case that's an 1800s case Conza case, dad dies all the heirs come in and say this is the valid national testament of our dad and here's what happened, mom gets it then mom dies in a way that that will that we agreed was the wrong will that was correct was actually the wrong will, we want to do the 1907 will that dad gave the property to us the court says wait a minute basically what you say, you can't have your cake and you can't eat it too, you may disagree you are bound by it, you can't now come back because it suits you better at this time to do something else you don't get to go in and do those things and in that case it's almost identical to what we have here because they stipulated that's valid knowing apparently at the time it was not we're not just where we know it's invalid we believe it is we believe it had given the opportunity in court, or the requirement for that matter, we could have proved that it was copy, that's something they gave up, they gave up the right to make us prove those signatures by agreeing to them and that's what they did the stipulation is that we met those legal criteria and the only criteria the signature, it's not complicated it's not a situation where the court looks it up they say, they agree these are valid signatures, whether they are original signatures or copies of original signatures they were, I have actually probated wills that were only produced by copies may be nervous I produced one, a woman had been to prison for murder, produces a copy gives it to me, I'm skeptical I file it, thinking this is not going to go, we get no objection from anybody, after the opportunity to challenge the will, 6 months has passed, she locates the original, and brings it in which we then file to the court, but doesn't matter anymore, copies are certainly admissible, and I understand that but then, I'm going to follow your argument, because I really am having trouble with both arguments, I understand it's very interesting the stipulation doesn't say necessarily that they are agreeing that the 1990 will is valid what they are basically saying is that it revokes it now, obviously it has to, it only can revoke it by one of the prescribed methods, statutory methods  method that really applies to this case, is the execution of a valid will that revokes it, correct? can they if it's not a valid will how can they agree that it is a valid will well, of course it can be a valid will by being a copy, it doesn't have to be it can be, but if they are trying to contest it, by virtue of bringing in a handwriting expert that says no, these aren't the signatures and bringing in a witness that says no, I wasn't there certainly that is the court has to view those unrebutted affidavits with a genuine issue of material fact and not apply summary judgment I don't think you do in this case, you cause a stipulation, why don't they just cut to the chase if they have that and they believe it's valid why do we have to form a proof of will when they claim we can't prove it and that they've got unqualified evidence why don't we do it on April 27th but apparently they changed their mind at some point and have said that they can bring a will contest but what they said in their brief what she said in front of you today was we wanted to get it admitted so we could challenge it, they never changed their mind, they say they want to admit it so they can challenge it they had the challenge on the table and if they had what they thought they had, they would have won on June 12th not having to be here 4 years later they withdrew that and the stipulation says pursuant to provision 755 ILCS 5-4-7 the will dated 13th day of March 1972 I'm skipping some of this was revoked by the September 99 will then on down it says both parties to their respective attorneys acknowledge that they have freely and voluntarily entered into the stipulation understand its terms and have not relied on any representations from the other party the next paragraph says this stipulation may be submitted by either or both parties to the court in this or any other proceeding hearing where the validity but it's a little bit of a gotcha it's a little bit of a gotcha on your party's part because this is of no benefit to them unless they can also attack the 1999 will because as I recall the 72 will she got $10 you mean unless they can also contest the 72 will right they wouldn't get anywhere by just revoking the 72 will they have to only way for them to come out ahead is to revoke the 72 will and have the 99 will found which makes it even more reasonable to believe that they are claiming the 99 will met those criteria because that's the only way they can get rid of the 72 will well no they thought they outsmarted the court by saying that no matter what happens with the 99 will we're saying we're deciding a question of law while we're deciding that we can't revive the 72 will and that's what I'm having trouble with well but then we're back to Consent and the 1800s case well there's a case that's a little more recent than that I'm having trouble finding it and they address some other issues saying it's against public policy but that's not the case here because we're not changing the law we're saying that the facts in this case are one thing not another if we came in here and we stipulated that a certain law was unconstitutional that would have absolutely no meaning no merit and abuse to nobody because it affected everybody else not just the parties in this case when we come in and we say this is about the will or this will has these requirements in it and they haven't been met then that is binding on us because the people it affects are us that's it it doesn't affect everybody else I have a question what about all those other people that were in the earlier will are they still around and it was a per capita distribution as I recall my understanding is if you don't challenge the will within six months you lose and they did not challenge this will nobody wanted to actually address in this will and they're gone they're forgotten they're not an issue here and if she had withdrawn her will contest they still would be out of the water because they didn't come in after the fact and filed their own their time is gone they're forgotten they're not an issue thank you very much for your argument and all of your answers to my polling questions thank you Mr. Turner do you have a rebuttal thank you both very interesting case we'll take the matter under advisement thank you